# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of<br><br>CHUCK SLANAKER,<br><br>                               Petitioner. | No. 51622-5-II<br><br><br><br><br>UNPUBLISHED OPINION |

JOHANSON, J. — Chuck Slanaker seeks relief from personal restraint resulting from his 2011 plea of guilty to first degree burglary (count 1), attempted first degree robbery (count 2), second degree assault (count 3), first degree unlawful possession of a firearm (count 4), and unlawful possession of a controlled substance with intent to deliver (count 5).[1] The trial court imposed the following stipulated exceptional sentence, with all base sentences running concurrently: on count 1, based on an offender score of 10, 144 months of confinement and 18 months of community custody; on count 2, based on an offender score of 10, 120 months of confinement, including a 36-month firearm sentencing enhancement,[2] and 18 months of community custody; on count 3, based on an offender score of 10, 84 months of confinement and

---

[1] The State concedes that Slanaker's judgment and sentence is facially invalid. We agree it is not subject to RCW 10.73.090's time bar.

[2] As required by RCW 9.94A.533(3), the court ordered that the firearm sentencing enhancement on count 2 would run consecutively with the base sentence in count 1.

18 months of community custody; on count 4, based on an offender score of 6, 75 months of confinement; and on count 5, 120 months of confinement. Thus, his actual sentence was 180 months of confinement and 18 months of community custody. He argues that (1) his convictions for both attempted first degree robbery and second degree assault violate his right against double jeopardy and (2) his sentence exceeds the statutory maximum sentence and his offender scores were miscalculated.

The State responds that the convictions for both attempted first degree robbery and second degree assault do not violate Slanaker's right against double jeopardy because of Slanaker's concurrent burglary conviction and the burglary anti-merger statute, RCW 9A.52.050. *State v. Tili*, 139 Wn.2d 107, 126, 985 P.2d 365 (1999). We agree with the State.[3]

The State responds that Slanaker's 198-month sentence on count 1 (144-month base sentence plus 36-month firearm sentencing enhancement plus 18 months of community custody) does not exceed the statutory maximum sentence for first degree burglary because the statutory maximum sentence for that crime is life imprisonment. RCW 9A.52.020(2); RCW 9A.20.021(1)(a). We agree with the State. But the State concedes that Slanaker's 138-month sentence on count 2 (120 months of confinement plus 18 months of community custody) does exceed the 120-month statutory maximum sentence for attempted first degree robbery and must be reduced. RCW 9A.56.200(2); RCW 9A.28.020(3)(b); RCW 9A.20.021(1)(b). We accept the State's concession.

---

[3] As addressed below, while both the attempted first degree robbery and the second degree assault convictions were properly included in Slanaker's offender score for the first degree burglary conviction, his attempted first degree robbery conviction should not have been included in his offender score for second degree assault, and his second degree assault conviction should not have been included in his offender score for attempted first degree robbery. *Tili*, 139 Wn.2d at 126.

No. 51622-5-II

Finally, the State concedes that Slanaker's offender scores on counts 2, 3, 4, and 5 were miscalculated because the attempted first degree robbery and second degree assault convictions were part of the same criminal conduct for sentencing purposes. Thus, it concedes that Slanaker's offender score on counts 2 and 3 should be 8 and on counts 4 and 5 should be 5. We accept the State's concession.

Accepting the State's concessions, we grant Slanaker's petition in part and remand his judgment and sentence for resentencing on counts 2, 3, 4, and 5 as described above.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, J.

MAXA, C.J.

3